## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Case No: 2:25-cr-580-AMM-SGC |
| | ) | |
| LILLIAN JAYNE COLBURN, | ) | |

### UNOPPOSED SECOND MOTION TO CONTINUE

Pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(vi), Lillian Jayne Colburn, by and through her attorneys, moves this Honorable Court to continue the trial of this matter for 90 days and extend the associated pretrial deadlines for no fewer than 90 days. In support, Ms. Colburn states as follows:

1. On October 22, 2025, Ms. Colburn was arraigned on an indictment charging her with one count of arson, in violation of 18 U.S.C. §§ 841(i) and (2). (Doc. 1.)

2. The Scheduling Order (Doc. 16) placed this case on the December 29, 2025, trial docket. The order also established the Rule 17.1 plea notification and Rule 12 pre-trial motions deadlines for Monday, December 8, 2025.

3. The Government filed a superseding indictment on November 19, 2025, adding a count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A. (Doc. 17.) Ms. Colburn was arraigned on the superseding indictment on December 4, 2025, pursuant to a filed waiver of personal appearance at arraignment. (Doc. 20.)

4. On December 8, 2025, Ms. Colburn's counsel filed an Unopposed Motion to Continue and Waiver of Speedy Trial, and this Court granted the same on December 29, 2025, scheduling a deadline of March 13, 2026, for pretrial motions and notification as to whether this case will be resolved by plea or trial. (Doc. 21.)

5. Despite the exercise of due diligence, the Federal Public Defender's Office requires additional time to complete its investigation, confer with Ms. Colburn, and prepare the constitutionally required defense. The Government has provided supplemental discovery, and undersigned counsel needs additional time to continue investigating possible defenses.

6. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the 70-day speedy-trial deadline excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In granting such a continuance, the Court shall consider "[w]hether the failure to grant such a continuance in a case…would deny the defendant a reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at (h)(7)(B)(iv). In this case, the ends of justice served by a continuance outweigh the best interest of the public and Ms. Colburn in a speedy trial.

7. Ms. Colburn, being fully informed of her rights to a speedy trial under the Speedy Trial Act, does knowingly, freely, and voluntarily waive those rights and requests a continuance of the trial, as well as of the Rule 17.1 plea notification, the Rule 12 deadlines, and other pretrial motions deadlines, and requests a setting at a future date, as

evidenced by her signature on the Notice of Speedy Trial Waiver submitted with her first Unopposed Motion to Continue. (Doc. 21-1.)

8. The undersigned has conferred with Assistant U.S. Attorney Lee Gilmer and co-defendant Mercutio Southall's counsel Truman Fitzgerald, and neither party has any objection to the continuance.

9. Requests for a continuance are addressed at the sound discretion of the trial court. *United States v. Darby*, 744 F.2d 1508, 1521 (11th Cir. 1984). A continuance in order to allow the defendant "the reasonable time necessary for effective preparation" for trial is a sound justification for excluding time under the Speedy Trial Act. *United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991); 18 U.S.C. § 3161(h)(8)(B)(iv). The Eleventh Circuit has repeatedly recognized that a continuance in order to provide adequate preparation by counsel serves the ends of justice. *United States v. Goetz*, 826 F.2d 1025, 1028 (11th Cir. 1987) (upholding, against speedy trial claim, continuance of eighty days to allow new counsel to prepare for trial); *United States v. Elkins*, 795 F.2d 919, 924 (11th Cir. 1986) (same); *United States v. Sarro*, 742 F.2d 1286, 1300 (11th Cir. 1984).

Accordingly, Ms. Colburn requests that this Honorable Court grant the requested relief and continue the trial of this matter, as well as all related settings and deadlines, by no fewer than 90 days.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

**/s/Katherine P. Bounds**
Katherine P. Bounds

Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
505 20th Street, North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
Kate_Bounds@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system.


Respectfully submitted,


**/s/Katherine P. Bounds**
Assistant Federal Public Defender